**COUCH, County Judge, et al. v. ZENOR.**

No. 8911.

Court of Civil Appeals of Texas. San Antonio.

April 6, 1932.

Rehearing Denied April 27, 1932.

Bryce Ferguson, of Edinburg, F. G. Clay and Griffin, Kimbrough & Cox, all of McAllen, Douglas & Black, of San Antonio, and Grade Callaway, of Edinburg, for appellants.

L. J. Polk, of Pharr, and Kennedy Smith, of Edinburg, for appellee.

FLY, C. J.

Appellee, as a property taxpayer and citizen of Hidalgo county, sought an injunction to restrain E. C. Couch, county judge, B. F. Byers, E. L. Calhoun, Willard Ferguson, and W. H. Atwood, county commissioners, Independent Publishing Company, and its editor C. N. Pease, Charles D. Turner, county auditor, S. G. Guzman, county treasurer, and Hidalgo county, from in any way carrying into effect a certain contract made by the county judge and county commissioners with the Independent Publishing Company and its editor, Pease, and restraining the payment of any money on such contract; and also that the court declare the contract null and void. A temporary and permanent injunction was sought. The court, after a full hearing of the facts, granted a temporary injunction as prayed for in the petition. All of the defendants perfected an appeal, except the auditor and the treasurer.

It is significant that neither the county judge, the commissioners, nor any of the other officers of the county, who were defendants, testified in the cause, but through a statement agreed to by the appellants it was shown that, out of fourteen papers published in the county, nine bid on the publication of the list of delinquent taxpayers, which bids ranged from 6 cents per tract of land involved to 22½ cents a tract, bid by the Independent Publishing Company and another paper. After all the bids were filed, the Independent Publishing Company was permitted to file another bid for 14 cents per tract. There were five lower bids made by responsible newspapers than the bid of 14 cents made by the Independent, and yet the contract was made with the Independent Publishing Company.

The permission to make two bids is not explained; but the inference is clear and reasonable that the Independent had friends "at court," and was fully informed as to the bids made for the publication. It is clearly inferable that it had been determined that the Independent Publishing Company was to be the successful bidder, no matter what the figures might be. The exigency of the occasion and the circumstances surrounding the commissioners had ordained that the favorite newspaper should have the contract.

Article 7323, Revised Statutes of Texas, grants authority to the commissioners' court to employ a newspaper to publish a list of delinquent taxpayers at a cost not to exceed 25 cents a tract, but it was clearly never contemplated, when several newspapers had been invited to bid on such publication, that one of them should have been permitted to bid twice, and then let the contract on that second bid, which was in excess of more than five of the bids tendered. It may be true that there is no law requiring competitive bids on the publication of lists of delinquent taxpayers, but when such a plan has been resorted to by the officers of a county they cannot let favoritism, or any improper motive, move and actuate them in letting the contract. If it had been let without a competitive bid the contract could not be enjoined from execution by taxpayers. It is not pretended that the bid was lower than others, but it is asserted that the contract was given to the Independent because it had a larger circulation. That fact was not shown by any evidence, and from what source such information was obtained does not appear. We cannot assume that it was to the interest of the county that the newspaper chosen receive $2,000 more of the people's money than the amount for which the lowest bidder offered to perform the labor. Appellants cannot justify their acts in connection with the contract by a plea that the other newspapers made no protest at the time the contract was made. The suit has been brought by a taxpayer, and, whatever may be the motive of the taxpayer who instituted the suit, it inures to the benefit of the taxpayers of the county; and, if they have been wronged by being unnecessarily deprived of $2,000, equity should interpose its strong arm between the people and those seeking to appropriate their money.

The officers offered no explanation; sought no extenuation of their conduct in spending the people's money on their favorite among the newspapers. Not one of them testified, and they appear before this court basing their defense on technicalities, the allegations

in their answer, and attacks on the taxpayer who had the audacity to question their acts. The extra $2,000 promised the newspaper was wrung from the taxpayers by taxation placed on them by the same men who levied the taxes. They should at least have deigned to give some slight reason for their action.

The judgment is affirmed.

### On Motion for Rehearing.

This appeal is being prosecuted by a court one of whose chief duties is to cut down the expenditure of public funds of the county as much as can be done, consistent with good service, and to conserve and protect the interests of taxpayers, rather than to extend gratuities and bonuses to private individuals, and who are insisting on paying bills to those doing work for the county far in excess of that asked by less favored individuals. In this connection, it is appropriate to say that the auditor, Charles D. Turner, who passes upon the justice and propriety of accounts against the county, and the county treasurer, S. G. Guzman, who has the funds of the county in his charge and keeping, are not appealing from the judgment of the lower court restraining the approval and payment of the claims of the newspaper, but do not complain and are perfectly satisfied with the judgment. No money of the county can be obtained without their aid and consent. They have not appealed, and the judgment of the trial judge would remain in effect as to them, no matter what might be the action of this court as to the county judge and commissioners. With the injunction in effect restraining them from paying out the people's money on unconscionable bills contracted by the commissioners' court, appellants could accomplish nothing. The county auditor and county treasurer evidently have no desire to satisfy such demands, and therefore are not complaining of the restraint imposed upon them by the writ of injunction.

The motion for rehearing is without merit, and is overruled.